UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARCUS E. MALLETT**                                                                                    **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 3:17-cv-409-DPJ-FKB**

**WARDEN MARY RUSHING,**
**SHERIFF VICTOR P. MASON,**
**DEPUTY DEWAYNE OWENS,**
**CEDRICK LACY, and DEONTE**
**ALLEN**                                                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the undersigned for Report and Recommendation on Defendants' Motion for Summary Judgment [43]. After considering the parties' filings and Plaintiff Marcus Mallett's testimony, the undersigned finds as follows.

Marcus Mallett is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is currently housed at the Central Mississippi Correctional Facility ("CMCF").[1] However, the events giving rise to this suit took place while he was a pretrial detainee housed at the Hinds County Detention Center ("HCDC"). He is proceeding *pro se* and *in forma pauperis*. He claims that Defendants violated his constitutional rights and has brought this suit pursuant to 42 U.S.C. § 1983.

**I. Factual Background**

Mallett's primary allegation is that on or about May 6, 2017, three Hinds County Sheriff's Deputies, Dewayne Owens, Cedrick Lacy, and Deonte Allen, used excessive force against him following a disturbance started by other inmates. Mallett claims that Allen sprayed him with mace,

---

[1] Mallett has failed to update his address as required. He last reported to the Court that he is housed at the Mississippi State Penitentiary. However, mail sent to that address has been returned as undeliverable. The Court has determined through MDOC's website that he is housed at CMCF and is mailing a copy of this Report and Recommendation to the address listed there. Mallett is warned again that failure to update his address may result in dismissal of his case pursuant to Fed. R. Civ. P. 41(b).

hit him, and kicked him several times, despite Mallett's contention that he played no role in the inmate disturbance. [13] at 1; [42] at 8, 10-11. According to Mallett, Owens and Lacy then beat him, "hit[ting him] in [the] face, . . . body, everywhere" and stomped on him. [13] at 1; [42] at 8. Mallett contends that Owens struck him more than twenty times, "busted [his] lip" and left him with a "scar on [his] face." [42] at 9. Lacy hit him "about ten times" in the cell, and then continued striking him once he had taken Mallett into a room without cameras. *Id.* at 9-10. Approximately an hour after the incident, officers took Mallett to the jail's medical facility. *Id.* at 11. He was eventually taken to the hospital for treatment. *Id.* at 11-12. He claims he suffered injuries to his back, head, and mouth. *Id.* at 12. In addition to the scar on his face, he claims he suffers headaches as a result of the incident. *Id.*

The Court held an omnibus hearing in this matter on July 2, 2018. At the hearing, Mallett testified that he was suing Warden Rushing because she "authorized these folks to jump on us. [She] authorized these folks to come down there and beat us up down there and hurt us down there." *Id.* at 14. He further testified that while he could not say whether she told the offers to attack him personally, she put in place a rule that he described as, "[w]hen the inmates don't do what y'all want them to do, y'all do what y'all got to do to the inmates." *Id.* at 15. As for why he was suing Sheriff Mason, Mallett testified that he had personally heard Sheriff Mason direct officers to beat him because Mason believed Mallett to be the leader of the Vice Lords gang within the facility. *Id.* However, Mallett later clarified that Mason's comment was not related to the incident at issue in this lawsuit, but to a different incident. *Id.* at 16.

Mallett also complains that the cell in which he was housed did not have adequate light or air circulation. *Id.* at 12-13. While the jail has lights in the common areas, and the cells have

2

windows that let in sunlight, Mallett contends that the cells themselves do not have lights inside them. *Id.*

In response, Defendants contend that Owens, Lacy, and Allen's use of force was justified. According to them, Mallett did not follow verbal commands and "aggressively moved toward Deputy Owens with a clinched fist." [44] at 2. They contend that the three deputies were required to use force to remove Mallett from his cell in order to "protect themselves and the general public from Plaintiff as he was agitated and combative." *Id.* Defendants acknowledge that Mallett received medical treatment for a "busted lip & bruises." *Id.* They further acknowledge that he required stiches in his lip following the incident. *Id.*

## II. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial*," Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

### III. Analysis

#### a. Mallett's Excessive Force Claims

Allen, Owens, and Lacy have asserted qualified immunity. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Rodriguez v. Lozano*, 108 F. App'x 823, 827 (5th Cir. 2004)(quoting *Hope v. Pelzer*, 536 U.S. 730, 736 (2002)). "If the allegations establish a constitutional violation, the court next considers whether the defendants' actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Hope*, 536 U.S. at 739). "If these two questions are answered in the affirmative, the court must next determine 'whether the record at least gives rise to a genuine issue of material fact as to whether the defendants actually engaged in the conduct that violated this clearly established right.'" *Id.* (quoting *Wallace v. Wellborn*, 204 F.3d 165, 167 (5th Cir. 2000)).

Defendants do not contest that they used physical force against Mallett. They also do not contest that their use of force resulted in injuries to Mallett that required treatment at a local hospital. Mallett alleges that the use of force and resulting injuries occurred without provocation and amounted to an unconstitutional use of excessive force. If Mallett's allegations are true, they would establish a constitutional violation. Further, a reasonable person would have known that a pretrial detainee has a constitutional right not to be physically harmed by corrections personnel absent sufficient justification. Although Defendants have provided evidence to support their claim that the use of force was justified, their evidence is in direct contradiction to Mallett's testimony given under oath, creating a genuine issue of material fact. Accordingly, Allen, Owens, and Lacy are not entitled to summary judgment in their favor. The undersigned recommends that

Defendants' Motion for Summary Judgment [43] be denied as to Mallett's excessive force claims against Allen, Owens, and Lacy.

As to Warden Rushing and Sheriff Mason, Mallett acknowledges that neither was present during the May 6, 2017, incident. At various points during his testimony, Mallett said that he filed suit against Rushing and Mason because they were in charge of the jail. [42] at 14-16. However, there is no *respondeat superior* cause of action under § 1983. *See Wilson v. Buster*, 433 F. App'x 238, 240 (5th Cir. 2011)(citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)). Mallett offers no evidence or testimony showing that Rushing or Mason personally participated in the May 6, 2017, incident. Accordingly, with respect to Mallett's excessive force claims against Rushing and Mason in their individual capacity, the undersigned recommends that summary judgment be granted in their favor.

As for his claims against Rushing or Mason in their official capacity, Mallett "must show that the unconstitutional actions of jail officials resulted from an official policy or practice." *Neely v. Khurana*, Civil Action No. 3:07-cv-1344-D, 2009 WL 1605649, at *10 (N.D. Tex. June 5, 2009)(citing *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978)). "This may include persistent or widespread practices which, although not officially authorized, are 'so common and well settled as to constitute a custom that fairly represents [official] policy.'" *Id.* (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995))(alterations in the original). Although Mallett alleges no such policy or practice attributable to Mason in relation to the subject incident, he alleges that Rushing instituted a policy he described as, "[w]hen the inmates don't do what y'all want them to do, y'all do what y'all got to do to the inmates." [42] at 15. Mallett offers nothing but unsubstantiated testimony to support his allegation that Rushing instituted such a policy and fails to provide any evidence that the force exercised against him by

the three jail officers resulted from any such policy. Accordingly, the undersigned recommends that summary judgment be granted as to any official capacity claims against Rushing or Mason related to the alleged use of excessive force.

### b. Mallett's Conditions of Confinement Claims

Mallett alleges that his cell at the HCDC lacked proper ventilation and lighting. As to his claim regarding poor ventilation, he provides no details or specifics to support his allegation. With regard to the lighting, he admits that light comes into his cell from the adjoining common areas and from windows that allow in sunlight. In order to establish an Eighth Amendment "conditions-of-confinement" claim, Mallett must first allege that he suffered an "extreme deprivation of any 'minimal civilized measure of life's necessities.'" *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998)(quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Mallett has failed to allege such a deprivation here. Accordingly, the undersigned recommends that summary judgment be granted in Defendants' favor as to Mallett's conditions of confinement claims.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment [43] be granted in part and denied in part. The undersigned recommends that Defendants be granted summary judgment in their favor as to all of Mallett's conditions of confinement claims and excessive force claims against Warden Rushing and Sheriff Mason. The undersigned recommends Defendants' Motion for Summary Judgment [43] be denied as to Mallett's excessive force claims against Deputies Allen, Owens, and Lacy. Further, the undersigned recommends that this matter be set for a bench trial before of Chief United States District Judge Daniel P. Jordan, III.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of August, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE